Filed 5/13/24  In re S.A. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re S.A., a Person Coming Under the Juvenile Court Law. | C099361 |
| SACRAMENTO COUNTY DEPARTMENT OF CHILD, FAMILY AND ADULT SERVICES, Plaintiff and Respondent, v. C.A., Defendant and Appellant. | (Super. Ct. No. JD239298) |

Appellant C.A. (father) appeals from the juvenile court's orders terminating parental rights and freeing S.A. (the minor) for adoption.  (Welf. & Inst. Code,[1] §§ 366.26, 395.)  Father requests the matter be remanded for further Indian Child Welfare Act (ICWA) compliance proceedings because the initial inquiry by the Sacramento County Department of Child, Family and Adult Services (Department) was insufficient to support the juvenile court's finding that the ICWA does not apply.  (25 U.S.C. § 1901 et seq.; § 224.2.)  The

---

[1]  Undesignated statutory references are to the Welfare and Institutions Code.

1

Department does not oppose such remand. We will conditionally affirm the juvenile court's orders and remand for ICWA compliance.

BACKGROUND

On September 6, 2018, only days after the minor was born, the Department filed a dependency petition alleging the minor came within the provision of section 300, subdivision (b)(1) because she was at substantial risk of harm due to mother's current substance abuse. Attached to the petition was an Indian child inquiry (ICWA-010) form indicating the minor may have Native American ancestry.

The juvenile court subsequently found appellant to be the minor's presumed father, who may have Native American heritage. The court placed the minor in father's custody where she was ordered to remain until the jurisdictional hearing.

In March 2019, the minor's mother indicated to the juvenile court that she may have Blackfeet, Cherokee, and Cheyenne Indian ancestry. At the March 28, 2019, hearing, the juvenile court found placement with father was no longer in the minor's best interest. The minor's paternal grandmother, who was at the hearing, advised the court that she had Indian ancestry and the court ordered the Department to begin the ICWA inquiry.

In December 2019, the Department filed a section 387 petition alleging father tested positive for amphetamine, methamphetamine, heroin, and morphine. Father also was facing one year in custody for committing identity theft. On the petition, the Department checked the box noting "[t]he child had no known Indian ancestry." The minor was then detained pursuant to a protective custody warrant and the detention report filed on December 31, 2019, indicated the ICWA did *not* apply. In the jurisdiction/disposition report, however, the Department noted the ICWA may apply.

In the jurisdiction/disposition report, the Department catalogued the inquiries made regarding the minor's status as an Indian child. The Department attempted to contact the minor's mother on three occasions. The Department spoke to the minor's paternal uncle who had no knowledge of any Indian ancestry. The Department also spoke to the minor's

paternal grandmother who indicated her mother, born on February 21, 1940, had ancestral connections to a tribe in Arizona. She did not know the name of the tribe and her mother died 40 years earlier; the paternal grandmother indicated she would reach out to more relatives. Several weeks later, the minor's paternal grandmother told the Department she had no additional information to give them.

On May 6, 2021, the Department filed their ICWA compliance report. The Department noted that the ICWA may apply. In March 2021, father told the social worker that the minor was *not* an Indian child; however, the social worker did contact the Pacific Region Bureau of Indian Affairs regarding the reported Cheyenne heritage. The minor's maternal aunt also said the minor was *not* an Indian child, and there was no known Native American heritage on the mother's side.

The Department sent certified letters to the following tribes, inquiring about the minor's heritage: the Cherokee Nation of Oklahoma, the United Keetoowah Band of Cherokee Indians of Oklahoma, the Cheyenne and Arapaho Tribe of Oklahoma, the Northern Cheyenne tribes, the Blackfeet Tribe of Montana, and the Cheyenne River Sioux Tribe. The Department did not provide information about the minor's paternal grandmother or paternal great-grandmother to the Bureau of Indian Affairs or to any tribe in Arizona.

The Blackfeet, Cherokee, and Cheyenne tribes told the social worker that the minor child was not a member of their respective tribe, nor was she eligible for membership. On August 25, 2021, the juvenile court found the Department complied with the ICWA requirements for inquiry and notification. The court ruled that the minor child had not been identified as an Indian child and the ICWA was not applicable. The juvenile court then terminated father's services and set the case for a permanency planning hearing.

On August 24, 2023, the juvenile court terminated parental rights and selected adoption as the minor child's permanent plan. The minor child's caregivers wanted to adopt her; minor's counsel offered to serve as a liaison between the caregivers and father so the minor child could connect with her biological family when appropriate.

3

Father filed a timely notice of appeal.

## DISCUSSION

Father contends the Department's inquiry into the minor's possible Native American ancestry was insufficient because the Department "failed to inquire of the BIA and tribes in Arizona whether the child was a member or entitled to membership in a federally recognized tribe through her paternal ancestry." The Department agrees that remand for further ICWA compliance is warranted.

The ICWA protects the interests of Indian children and Indian tribes by establishing minimum standards for removal of Indian children from their families, and by permitting tribal participation in dependency proceedings. (*In re A.W.* (2019) 38 Cal.App.5th 655, 662.) An Indian child is either a member of an Indian tribe, or is eligible for such membership and is the biological child of a member. (25 U.S.C. § 1903(4).) The juvenile court and the social services department have a continuing duty to inquire whether a child subject to the proceedings is, or may be, an Indian child. (Cal. Rules of Court, rule 5.481(a); § 224.2, subd. (a); *In re G.A.* (2022) 81 Cal.App.5th 355, 360, rev. granted Oct. 12, 2022, S276056.)

Section 224.2 creates three ICWA duties. First, there is a duty of inquiry to ask all involved persons whether the child may be an Indian child. (§ 224.2, subds. (a), (b).) Second, if there is reason to believe the child is an Indian child, the Department shall make further inquiry as soon as practicable. (*Id.*, subd. (e).) Third, if there is reason to know the child is an Indian child, the formal notice requirements of section 224.3 apply. (See §§ 224.2, subds. (c), (d), 224.3; *In re D.S.* (2020) 46 Cal.App.5th 1041, 1052.) We review claims of inadequate ICWA inquiry for substantial evidence. (*In re Rebecca R.* (2006) 143 Cal.App.4th 1426, 1430.)

The Department does not dispute that, although it had an opportunity to inquire of paternal relatives who already were in contact with the Department, the record does not indicate that such an inquiry occurred. Because additional inquiry should have been made

4

(see § 224.2, subd. (b); see also *In re Y.W.* (2021) 70 Cal.App.5th 542, 554; *In re A.C.* (2022) 75 Cal.App.5th 1009, 1016-1018), we will remand the matter for further proceedings to address compliance with the inquiry and notice provisions of the ICWA and entry of new findings regarding the applicability of the ICWA.

## DISPOSITION

The orders terminating parental rights are conditionally affirmed, subject to compliance with the ICWA. If, on remand, the juvenile court determines the minor is an Indian child within the meaning of the ICWA, the juvenile court shall vacate its previous orders terminating parental rights and conduct further proceedings consistent with the ICWA, including a new section 366.26 hearing. (25 U.S.C. § 1914; § 224, subd. (e).) On remand, parents shall have counsel reappointed and be provided due process, including notice and the right to be heard, for all ICWA compliance proceedings.

/s/
Wiseman, J.*

We concur:


/s/
Hull, Acting P. J.


/s/
Mauro, J.

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.